**UNITED STATES of America,**
**Appellant,**

v.

**Devon PANDY, a/k/a "Jeter"; Eugene Warrior, a/k/a "X"; Julian West, a/k/a "June"; Jason Aird, a/k/a "JB"; William Reid, a/k/a "Scooter," Defendants,**

**Theo Frazier, Defendant–Appellee.**

**No. 03–1553.**

United States Court of Appeals,
Second Circuit.

May 5, 2004.

Rosemary Nidiry, Assistant United States Attorney, Southern District of New York (David N. Kelley, United States Attorney; Adam B. Siegel, Assistant United States Attorney), New York, New York, for Appellant, of counsel.

Philip R. Schatz, Wrobel & Schatz, LLP, New York, New York, for Appellee.

Present: LEVAL, RAGGI, Circuit Judges, and STEIN,[1] District Judge.

---

1. The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on August 25, 2003, is VACATED and REMANDED.

The government appeals from the order of the district court, granting Defendant–Appellant Theo Frazier a new trial pursuant to Fed.R.Crim.P. 33, after a jury had found Frazier guilty of conspiracy to distribute and to possess with intent to distribute at least five grams of crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and distribution and possession with intent to distribute approximately 1.5 grams of crack cocaine, *see id.* § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2. The district court concluded that its failure *sua sponte* to instruct the jury at the start of trial as to law relevant to the defense theory of the case was a "fundamental defect" requiring a new trial. Op. at 4.

Following the entry of the appealed order, the Supreme Court ruled that testimonial out-of-court statements by unavailable witnesses are barred by the Sixth Amendment's Confrontation Clause unless the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, —— U.S. ——, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). In Frazier's case, the government had sought to prove the charged conspiracy, at least in part, through testimonial out-of-court statements, specifically, the guilty plea allocutions of alleged co-conspirators. In response to an inquiry by this court, Frazier submits that *Crawford* provides a further ground for granting him a new trial. The government disagrees, arguing that any

*Crawford* error in this case was harmless. *See* Fed.R.Crim.P. 52(a).

We think it best that this issue be resolved in the first instance by the district court, whose supervision of the trial gives it unique insights into this question. Moreover, because resolution of the *Crawford* point may moot the issue now on appeal, we remand to allow the district court to consider whether *Crawford* provides a further basis for granting a new trial. Towards this end, we vacate the original order of a new trial, but in so doing we intimate no view either on the district court's previously stated ground for granting Rule 33 relief or on the *Crawford* question. In short, we place no restrictions on the district court's ability, on remand, to grant or deny Rule 33 relief as it deems appropriate given the law and the evidence.

Should either party seek appellate review of any Rule 33 order entered by the district court on remand, the Clerk of the court, in the interests of judicial economy, is to refer the matter to this panel.

Accordingly, the district court's judgment is hereby VACATED and RE-MANDED for further proceedings consistent with this order.